**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      In the Interest of A.T.N.J., A.J., and T.L.J., Jr., Children

Appellate case number:    01-15-00844-CV

Trial court case number:   2013-33236

Trial court:                311th District Court of Harris County

On November 24, 2015, the Clerk of this Court forwarded the *pro se* affidavit of indigence for appellate costs filed by appellant, T.L.J., Sr., to the trial clerk requesting an indigent clerk's record be filed in this Court by December 23, 2015. *See* TEX. R. APP. P. 20.1(c)(1). On November 30, 2015, the court reporters filed info sheets in this Court noting that there were no reporter's records taken. On February 17, 2016, the trial clerk filed an information sheet in this Court stating that there was no contest to appellant's affidavit of indigence filed in the trial court due to the late filing. *See id.* 20.1(e)(1). On March 9, 2016, the trial clerk filed the original clerk's record in this Court.

Accordingly, the allegations in the affidavit of indigence are deemed true, and appellant is entitled to proceed without advance payment of appellate costs. *See* TEX. R. APP. P. at 20.1(f). However, because there is no reporter's record and the clerk's record has already been filed in this Court, the Clerk of this Court is **ORDERED** to deem the appellant indigent and that he is allowed to proceed on appeal without advance payment of costs for purposes of the appellate filing fee and the clerk's and reporter's record fees.

Furthermore, this Court generally has appellate jurisdiction over appeals only from final orders arising under the Texas Family Code unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2015) ("An appeal may be taken by any party to a suit from a final order rendered under this title."). Thus, to the extent appellant intended that his notice of appeal, challenging the trial court's refusal to act, be construed as a mandamus petition, appellant's counsel is directed to file a motion with the Clerk of this Court **within 10 days** of the date of the

Order to designate his appeal as an original proceeding and requesting an extension of time to file a petition that complies with Rule 52.  *See* TEX. R. APP. P. 52.1, 52.3.

It is so ORDERED.

Judge's signature:     /s/ Laura Carter Higley
                                 ☒ Acting individually

Date:  March 15, 2016